IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAMES WRIGHT**                                                                  **PLAINTIFF**
**ADC #142769**

v.                      No: 4:24-cv-00575-BRW-PSH

**MILES,** *et al.*                                                  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff James Wright, an inmate at the Arkansas Division of Correction's East Arkansas Regional Unit, filed a *pro se* complaint on July 8, 2024 (Doc. No. 2). His application to proceed *in forma pauperis* has been granted (Doc. No. 3). At the Court's direction, Wright filed an amended complaint to clarify his claims (Doc. No.

4). The Court has reviewed Wright's amended complaint and finds that his claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.

42 U.S.C. § 1983. Wright alleges that around February 14, 2024, he was convicted of several disciplinaries on unknown charges and not given a chance to appear in disciplinary court on those charges. He claims that Sergeant Miles waived disciplinary court on his behalf, and that Disciplinary Judge Justine Minor improperly waived his appearance at disciplinary court. Doc. No. 4 at 4. According to Wright, he never signed a form waiving his appearance in disciplinary court, and Judge Minor's waiver of his attendance violated his right to be heard and his right to appeal. As a result, he was convicted of the disciplinaries, was transferred out of the Wrightsville Unit where he was then housed, and was unable to make parole. *Id.* He also claims he was placed in 24-hour lockdown as a result. *Id*. For the reasons described below, the undersigned finds he fails to describe a viable claim for relief.

Wright cannot maintain a due process claim based on the disciplinary process unless he can "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). Wright was not deprived of life or property; accordingly, he must identify the deprivation of a liberty interest sufficient to sustain a due process challenge to his prison disciplinary proceeding. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847. "In order to determine whether

an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).

Generally, an inmate has no liberty interest in avoiding segregated confinement, as long as the conditions do not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit Court of Appeals has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). An inmate making a due process challenge to confinement in segregation is required to "make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'" *Id.* (quoting *Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000)).[1]

Wright states that he was placed on 24-hour lockdown as a result of his disciplinary convictions. Doc. No. 4 at 4. He does not otherwise describe the conditions he endured as a result of his disciplinary convictions, and he fails to assert

---

[1] *See also Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020) (holding that there is no atypical and significant hardship when an inmate is demoted to segregation or deprived of commissary, phone, and visitation privileges); *Persechini v. Callaway*, 651 F.3d 802, 807 n.4 (8th Cir. 2011) (stating that inmates do not have a liberty interest in maintaining a particular classification level).

how any conditions to which he was exposed constituted an atypical and significant hardship. And while Wright complains that his disciplinary conviction thwarted his hope of parole, an inmate has no liberty interest in the possibility of parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979); *Jackson v. Nixon*, 747 F.3d 537, 551 (8th Cir. 2014). Additionally, while Wright complains he was transferred to a different ADC facility because of his disciplinary convictions, an inmate has no constitutional right to be housed in a particular prison. *See Oleson v. Bureau of Prisons*, No. CIV. 09-5706 NLH, 2012 WL 6697274, at *10 (D.N.J. Dec. 21, 2012) (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The Constitution does not ... guarantee that the convicted prisoner will be placed in any particular prison ...")). For these reasons, Wright fails to state a viable due process claim.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1. Wright's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted;

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g); and

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

SO RECOMMENDED this 28th day of August, 2024.

_____
UNITED STATES MAGISTRATE JUDGE